|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| GARY MCCOY, | ) | No. C 11-5394 LHK (PR) |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | ORDER OF DISMISSAL |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| LYNN CLARKE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

Plaintiff, a state prisoner at Corcoran State Prison, proceeding *pro se*, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for alleged constitutional violations. His motion to proceed in forma pauperis is granted in a separate order. For the reasons stated below, Plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.11\McCoy394dis.wpd

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.  <u>Legal Claims</u>

7  Plaintiff claims that on June 14, 2010, Defendant Lynn Clarke authored a Custodial
8  Chrono ("CDC 128-A"), which stated that Clarke believed Plaintiff to be a threat to the safety
9  and security of Pelican Bay State Prison, as well as a "staff manipulator." (Compl. Ex. A.)
10 Plaintiff also sues Paul Wittenmeir, Laundry Supervisor II, because he "rubber stamped"
11 Plaintiff's administrative appeal. Plaintiff argues that Defendants violated his right to due
12 process because he was not given the opportunity to defend against the accusation. Plaintiff also
13 asserts that Clarke's statements constituted libel, slander, and perjury.

14 Plaintiff fails to state a cognizable claim upon which relief may be granted. First,
15 interests protected by the Due Process Clause may arise from two sources -- the Due Process
16 Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).
17 Changes in conditions so severe as to affect the sentence imposed in an unexpected manner
18 implicate the Due Process Clause itself, whether or not they are authorized by state law. *See*
19 *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less
20 severe or more closely related to the expected terms of confinement may also amount to
21 deprivations of a procedurally protected liberty interest, provided that (1) state statutes or
22 regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the
23 inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See*
24 *id.* at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that
25 imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of
26 prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a]
27 sentence," *id.* at 487.

28 In determining whether a restraint is an "atypical and significant hardship," *Sandin*

suggests that courts should consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; the duration of the condition; the degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence. *See Serrano*, 345 F.3d at 1078; *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

Only if the answer is yes to both prongs of this inquiry does the state statutory provision create a liberty interest entitled to procedural due process. *See, e.g.*, *Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007) (classification for California Level IV prison rather than Level III prison not shown to be an atypical and significant hardship; refusal to allow prisoner to publish and distribute an inmate publication not an atypical and significant deprivation); *Mitchell v. Dupnik*, 75 F.3d 517, 523 (9th Cir. 1996) (violation of jail regulation that provides for inmates to be present when their legal papers are searched does not involve dramatic departure from basic conditions of incarceration, even for pretrial detainees, sufficient to create liberty interest); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (despite prior case law determining disciplinary regulations created liberty interest, under *Sandin* no liberty interest when inmate was placed in disciplinary segregation for 14 days). Only then must the Court determine what process is due.

Here, Plaintiff complains that the CDC 128-A Custodial Chrono was issued in a manner that violated the CDCR's own procedure, as well as the constitution. However, Plaintiff does not assert that the CDC 128-A Custodial Chrono affected his sentence in any way. Nor is there any indication that there is any state statute or regulation that narrowly restricted the power of prison officials to impose the deprivation at issue here. In addition, even assuming a statute or regulation existed to give rise to a liberty interest, the liberty in question is not one of "real substance." *See* 15 Cal. Code Regs. § 3312(a)(2) (discussing a CDC Form 128-A as a "custodial counseling chrono" used for minor misconduct that needs documentation). Thus, even liberally construed, Plaintiff's allegation does not implicate a protected liberty interest. Because he does there is no liberty interest, Plaintiff is not entitled to any federal due process procedure, and he fails to state a federal due process claim.

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.11\McCoy394dis.wpd        3

1    Second, libel and slander do not violate the Constitution. *See Paul v. Davis*, 424 U.S.
2 693, 699-701 (1976) (defamation not actionable under section 1983); *Hernandez v. Johnston*,
3 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims precluded by *Paul*). Here, even
4 liberally construed, under the circumstances alleged, Plaintiff has not alleged facts sufficient to
5 entitle him to relief for a civil rights violation.

6    Finally, in general, no civil action lies for damages resulting from false statements made
7 under oath. *See, e.g.*, *Ting v. United States*, 927 F.2d 1504, 1515 (9th Cir. 1991), citing *Agnew v.*
8 *Parks*, 172 Cal. App. 2d 756 (1959)) ("a civil action for damages for injuries arising from false
9 testimony or perjury is not recognized in California").

10   Thus, the Court concludes Plaintiff has failed to state a claim. Further, for the reasons
11 stated above, leave to amend would be futile.

12                                **CONCLUSION**

13   The Court DISMISSES this action with prejudice for failure to state a claim. The Clerk
14 shall close the file.

15   IT IS SO ORDERED.

16 DATED: 4/9/12

17                                                            LUCY H. KOH
                                                              United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.11\McCoy394dis.wpd            4